**IN THE COURT OF APPEALS OF IOWA**
No. 14-0931
Filed August 13, 2014

**IN THE INTEREST OF P.D.,**
**Minor Child,**

**R.B., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Warren County, Mark F. Schlenker, District Associate Judge.

The mother appeals the termination of her parental rights to her child, P.D. **AFFIRMED.**

Zachary C. Priebe of Jeff Carter Law Offices, P.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John Criswell, County Attorney, and Tracie L. Sehnert, Assistant County Attorney, for appellee State.

Jane White, Des Moines, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**VOGEL, J.**

The mother appeals the termination of her parental rights to her child, P.D., claiming the State did not prove by clear and convincing evidence grounds to terminate her parental rights under Iowa Code section 232.116(1)(d), (h), (i), and (*l*) (2013). She further argues that, due to the bond she shares with the child, termination was not in his best interest, and she should have been given an additional six months to engage in services. We conclude that, because of the mother's addiction to methamphetamine that has persisted despite the receipt of services, the State proved by clear and convincing evidence her rights should be terminated under Iowa Code section 232.116(1)(*l*). Furthermore, termination is in P.D.'s best interest and her bond with the child does not impede termination. Consequently, we affirm.

P.D., born May 2012, was removed from the mother's care upon his birth because he tested positive for methamphetamine due to the mother's use of the drug during pregnancy. He was born prematurely and kept in the hospital until he was stabilized, then placed in foster care. Following P.D.'s birth the mother attended treatment for her substance abuse issues, including counseling at the House of Mercy, first as an outpatient then as an inpatient, and attended Family Recovery Court and Drug Court. The mother was allowed overnight visits with P.D. beginning on October 18, 2012, with increased visitation once she began inpatient substance abuse treatment. P.D. was returned to the mother's care while she was an inpatient at the House of Mercy, and under the supervision of the Department of Human Services (DHS), on November 13, 2012.

The mother was sober for a period of approximately nine months, from October 2012 to August 2013. On September 20, 2013, the mother tested positive for methamphetamine and amphetamine. P.D. was again removed from the mother's care on September 26 and placed in a foster home, where he remained at the time of the termination hearing. He tested positive for methamphetamine at high levels on October 4.[1] The mother was terminated from Family Recovery Court on October 18. As of the date of the termination hearing—April 9, 2014—she was unemployed and homeless.

The following services were offered to the mother: assessment services; family safety, risk, and permanency services; supervised visits; urinalysis; House of Mercy residential inpatient and outpatient care; family team meetings; and Warren County Family Recovery Court meetings and services. It was also noted by DHS workers the mother needed mental health counseling. The mother has yet to access mental health services, other than those provided by the House of Mercy.

On January 10, 2014, the State petitioned to terminate the mother's parental rights. A hearing was held on March 6 and April 9, 2014, and on May 19, the juvenile court issued an order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (h), (i), and (l). The mother appeals.

---

[1] An affidavit submitted by the father, who remains incarcerated, declared he was the one who exposed P.D. to methamphetamine. However, the mother admitted she was using methamphetamine while P.D. was in her care, and the DHS worker testified that, given the high levels of methamphetamine as well as the timeframe, she did not believe the father was the only one who exposed P.D. to methamphetamine.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.* When the juvenile court terminates parental rights on more than one statutory ground, we only need find grounds to terminate under one of the sections cited by the juvenile court to affirm. *Id.* A parent's rights may be terminated under paragraph (*l*) if the State proves by clear and convincing evidence the child has been adjudicated CINA, the parent has a severe and chronic substance abuse problem rendering her a danger to herself or others, and the child cannot be returned within a reasonable time due to the substance abuse problem. Iowa Code § 232.116(1)(*l*).[2]

We conclude the State proved by clear and convincing evidence the mother's rights should be terminated under paragraph (*l*). As the juvenile court noted:

> The problems addressed in the case permanency plan . . . have not been solved. The mother's inconsistent compliance with the case plan is indicative of her lack of progress toward alleviating or mitigating the cause for adjudication, as she has not maintained her sobriety and has not refrained from continued use of methamphetamine, even exposing the child yet again to the drug.

We agree with this assessment, as it is fully supported by the record. Moreover, in determining the future actions of the parent, her past conduct is instructive. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). It is clear the mother has been

---

[2] To terminate parental rights, the State must prove by clear and convincing evidence under Iowa Code section 232.116(1)(d), the child was adjudicated CINA for physical or sexual abuse or neglect, and circumstances continue despite receipt of services; under paragraph (h), the child is three or younger, adjudicated CINA, removed from the home for six of the last twelve months, and the child cannot be returned home; and under paragraph (i), the child meets the definition of CINA, was in imminent danger, and services would not correct these conditions.

unable to remain sober, and, due to her addiction, continues to expose P.D. to methamphetamine.  Given P.D.'s young age, he is in need of permanency, which the mother cannot give to him due to her chronic abuse of methamphetamine.

Moreover, termination is in P.D.'s best interest.  *See* Iowa Code § 232.116(2).  The few times he was in the mother's care he tested positive for methamphetamine.  Additionally, the mother has been in substance abuse treatment since 2012, and has yet to show signs of improvement, continually exposing P.D. to methamphetamine.  Furthermore, allowing the mother an additional six months to engage in the same services that have proved ineffective would only serve to prolong the instability in P.D.'s life.  "We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up."  *In re N.F.*, 579, N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2).  While P.D. and the mother share a bond, it is clear the mother cannot care for P.D. given her unalleviated substance abuse problem, and therefore the considerations under Iowa Code section 232.116(3) do not impede termination.  Consequently, we affirm the order of the juvenile court terminating the mother's parental rights.

**AFFIRMED.**